IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ALEKIA MURRELL**                                                                                   **PLAINTIFF**

v.                                                          CIVIL ACTION NO. 3:20-cv-154-HTW-LRA

**BIEWER SAWMILL-NEWTON, LLC**                                                **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Alekia Murrell, by and through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Family and Medical Leave Act of 1993 and 42 U.S.C. § 1981. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1.  Plaintiff, Alekia Murrell, is an adult female citizen of Newton County, Mississippi.

2.  Defendant, Biewer Sawmill-Newton, LLC, is a Michigan Corporation licensed to do business in the State of Mississippi and be served with process through its Registered Agent: Christopher S. Pace, 190 East Capitol Street, Suite 800, Jackson, Mississippi 39201.

### JURISDICTION AND VENUE

3.  This Court has federal question jurisdiction and venue is proper in this court.

### STATEMENT OF FACTS

4.  Plaintiff is an adult black female citizen of Newton County, Mississippi.

1

5. Plaintiff was hired as a Chipper Operator at Biewer Sawmill on March 6, 2017.

6. On February 17, 2019, Plaintiff suffered an injury on the job.

7. Beginning the next day (February 18, 2019), Plaintiff took eight days of personal leave and three days of sick leave while she completed FMLA documentation and waited to be approved.

8. Around the first or second week of March, Plaintiff was approved for FMLA leave, and it was retroactively started on February 18, 2019.

9. Toward the end of February, Plaintiff's medical provider, Dr. Christopher Moore released Plaintiff back to work on Light Duty.

10. Despite Plaintiff's release back to work, however, Human Resource Director, Amanda Jenkins informed Plaintiff that she would not be allowed to work while on Light Duty.

11. Rather, Ms. Jenkins informed Plaintiff that she could not return to work until she was released back to full duty with no restrictions.

12. On March 20, 2019, Plaintiff underwent back surgery.

13. On May 13, 2019, Ms. Jenkins notified Plaintiff that her FMLA leave was exhausted. Plaintiff requested an extension, but this request was denied, ultimately terminating Plaintiff's employment with Defendant.

14. Also, Plaintiff was informed by Ms. Jenkins that the Defendant would rehire Plaintiff when they began hiring again.

15. On June 4, 2019, Dr. Eric Amundson released Plaintiff back to full duty.

16. However, in June when the Defendant began to rehire, Plaintiff applied for

employment, but the Defendant refused to rehire Plaintiff. Plaintiff was not given a reason for not being rehired.

17. Whereas, the Defendant was unwilling to rehire Plaintiff, a black female who suffered a minor injury; however, the Defendant rehired a white male, Lane Wilkinson, who also exhausted his FMLA leave after he suffered a bad car accident and subsequently underwent extensive surgical procedures.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF FMLA - RETALIATION

18. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 17 above as if fully incorporated herein.

19. The Defendant violated the FMLA by refusing to rehire Plaintiff because she had previously exercised her rights under the FMLA by taking twelve (12) weeks of unpaid leave.

20. The Defendant violated the FMLA by refusing to rehire Plaintiff based on the fact that Plaintiff had exhausted all her FMLA leave.

### COUNT II: VIOLATION OF 42 U.S.C. § 1981 – RACE DISCRIMINATION

21. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 20 above as if fully incorporated herein.

22. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her race in that she was denied rehire by the Defendant; however, the Defendant rehired a white male who also exhausted his FMLA leave after he suffered a bad car accident and subsequently underwent extensive surgical procedures.

23. Plaintiff has suffered adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff.

24. As a direct and proximate result of the acts and omissions of Defendant described above, Plaintiff has suffered lost wages and benefits and other pecuniary loss as well as deep pain, humiliation, anxiety, and emotional distress.

25. Plaintiff is allowed to recover all lost wages, salary, employment benefits or other compensation denied to her as well as actual monetary losses sustained by Plaintiff as a result of the violation.

26. The acts of the Defendant constitute a willful and intentional violation of 42 U.S.C. § 1981 and constitute unlawful race discrimination.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages or reinstatement; or
2. Future wages in lieu of reinstatement;
3. Tax gross-up and all make whole relief;
4. Lost benefits;
5. Compensatory damages;
6. Liquidated damages;
7. Punitive damages;
8. Pre-judgement and post-judgement interest;
9. Attorney fees and costs; and
10. Such other relief as the Court deems just and appropriate.

THIS the 10th day of March 2020.

Respectfully submitted,

ALEKIA MURRELL, PLAINTIFF

By: _____

Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com